Dear Sheriff Edwards:
You have requested an opinion of this office regarding whether Art.VII, Sec. 14 of the Louisiana Constitution prohibits the Tangipahoa Parish Sheriff's Office from donating abandoned or blighted housing property to a non-profit organization. Specifically, you reference a long term relationship between the Sheriffs Office and the Magnolia State Peace Officer's Association (Association), a 501(c)(4) non-profit corporation organized under the laws of the State of Louisiana. According to your request, the Association currently uses the abandoned and/or blighted property owned by the Sheriff's Office, but is reluctant to invest or make any improvements to the property unless it acquires full ownership. The Sheriff's Office would like to donate the blighted housing property to the association with the stipulation that the association renovate and maintain the property as long as the association is owner.
As your letter indicates, you are aware that the question presented must be addressed in light of the provisions of La. Const. (1974) Art.VII, Sec. 14, which contain the constitutional standard for the lawful use of public funds and property. La. Const. Art. VII, Sec. 14(A)
generally prohibits the state and its political subdivisions from loaning, pledging or donating public funds, assets or property to persons, associations or corporations, public or private. Atty. Gen. Op. Nos. 04-0052; 91-313. This provision provides, in pertinent part, the following:
 "§ Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . .
 * * * (C) Cooperative Endeavors. For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual."
Historically, the Attorney General has followed the Louisiana Supreme Court's interpretation of La. Const. Art. VII, Sec. 14, as set forth inCity of Port Allen v. Louisiana Mun. Risk, 439 So.2d 399 (La. 1983), wherein the Supreme Court ruled:
 "The cases that do exist [under La. Const. Art. IV § 12 (1921)] hold primarily that this section is violated whenever the state or political subdivision seeks to give up something of value when it is under no legal obligation to do so . . .
 * * * Section 14(C) does not help the state, either. There is no indication that it is meant to be an exception to the rule of § 14(A); the exceptions are clearly contained in § 14(B). Thus, even if political subdivisions cooperate for a public purpose they still may not give away their assets to other political subdivisions, the United States Government, or public or private associations or corporations, or to individuals merely for a `public purpose'." (Emphasis added.)
The previous opinions of this office recognize that the requirement of a legal obligation to expend public funds or use public property is the threshold predicate for the constitutionality of an expenditure or use, but is not the only predicate. The expenditure or transfer of property must also be for a public purpose and create a public benefit proportionate to its cost. Atty. Gen. Op. Nos. 90-63, 90-651, 92-722, 01-0389 and 02 — 0125.
As quoted above, Paragraph (A) generally prohibits the loan, pledge, or donation of public funds. Paragraph (B) of Section 14 sets forth the exceptions to constitutionally prohibited donations and includes B(6) which authorizes "the donation of abandoned or blighted housing property by the governing authority of a municipality or a parish to a nonprofit organization which is recognized by the Internal Revenue Service as a 501(c)(3) or 501(c)(4) nonprofit organization and which agrees to renovate and maintain such property until conveyance of the property by such organization;" This constitutional exception is also provided for in La. R.S. 33:4717.3. However, this exception, which must be strictly construed, only applies to a municipality or parish and does not include the office of a sheriff.
Paragraph (C) of Section 14 authorizes the state and its political subdivisions (i.e., the Sheriff's Office), to engage in cooperative endeavors for a public purpose with other governmental agencies, public or private associations and corporations and/or individuals. However, Paragraph (C) merely supplements the prohibition against donations contained in Paragraph (A). It does not create an exemption or exception from the general constitutional norm. In other words, the cooperative endeavor must meet the general standards for the non-gratuitous alienation of public funds established in Paragraph (A). Atty. Gen. Op. No. 90-651.
Based on the information provided, the proposed agreement would have the Sheriff's Office donate surplus property to a non-profit organization, with the condition that the non-profit organization renovate and maintain the property. However, there does not appear to be any statutory requirement, duty, or authority for the Sheriff's Office to donate its surplus property to the non-profit organization, even though the purpose of the organization promotes public safety and the activities of the organization benefit the Sheriff's Office.
Accordingly, Article VII, Sec. 14 of the State Constitution prohibits the Sheriffs Office from donating its surplus property to a non-profit organization even though the purposes of the non-profit organization may promote a public purpose and its activities may benefit the Sheriff's Office.
Therefore, it is the opinion of this office that the Tangipahoa Parish Sheriff's Office may not donate or otherwise give away surplus property that it owns to a non-profit organization to which there is no legal responsibility, duty, or obligation.
We trust this adequately responds to your request. If you have any questions or comments, please do not hesitate to contact our office.
 With kindest regards,
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ____________________ RICHARD L. MCGIMSEY
 Assistant Attorney General CCF, JR/RLM/lbw